**AUFATA of Tafuga, Plaintiff**

v.

**FALEMALU of Vaitogi, Defendant**

No. 95-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Fonoti" of Tafuga]

November 16, 1948

A. A. MORROW, *Chief Justice;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo Friday November 12, 1948.
Save, counsel for Falemalu; Aufata, *pro se.*

MORROW, *Chief Justice.*

Falemalu filed his application with the Registrar of Titles to be registered as the Fonoti of Tafuga. Aufata filed his objection to such proposed registration and became a candidate for the name. The undisputed evidence shows

that each of the candidates is eligible to succeed to a matai title pursuant to the provisions of Sec. 926 of the American Samoa Code.

Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each candidate filed with the Clerk of the Court a petition purporting to be signed by various members of the Fonoti family in support of his candidacy. There are 173 names on Aufata's and 123 on Falemalu's. However, an inspection of purported signatures, numbered 78 to 173 inclusive, on Aufata's petition makes it clear that these signatures were not put on by the persons whose signatures they purport to be. Practically all of them are in the same handwriting. Aufata admitted on the witness stand that he did not see these alleged signatures written. In view of our conclusion that these signatures were not written by the persons whose names they purport to be we cannot consider them. Of the remaining 77 names on Aufata's petition 11 are of persons under 14 years of age. These may not be considered. *Moa v. Faasa*, No. 27-1948 (Am. Samoa); *Kosi et al. v. Viliamu*, No. 77-1948 (Am. Samoa). That leaves 66 names which may properly be counted. There are 123 signatures on Falemalu's petition. Aufata claimed on the witness stand that 18 of Falemalu's signers were not members of the Fonoti family. Falemalu testified that all of the signers on his petition were Fonoti family

members. Conceding Aufata's claim that 18 are not, it is clear from his testimony that there are 105 signers on Falemalu's petition who are. One signer on this petition is under 14. His signature cannot be counted. That leaves 104 members of the family who without question favor Falemalu. Since only 66 signers on Aufata's petition may be counted, it follows from the evidence that Falemalu prevails over Aufata on the issue of the wish of the majority of the family.

Aufata is 32 years of age, has completed the 8th grade in school and has plantations from which he derives income of approximately $100.00 a month. Falemalu is 48 years of age and completed the work of the 5th grade in school. He has plantations from which he too derives income of about the same amount as Aufata. Aufata is a young man. Falemalu has had experience as a matai for almost 20 years. The court observed the personalities of the two candidates at the hearing. Based upon the evidence and our observations of the two candidates, our conclusion is that Falemalu prevails over Aufata on the issue of forcefulness, character, personality and capacity for leadership.

Aufata is the son of Fonoti Vili who married into the Fonoti family. His mother is the granddaughter of Fonoti Filo. Consequently Aufata has five-eighths Fonoti blood in his veins. Falemalu is the grandson of Fonoti Filo. He has one-fourth Fonoti blood in his veins. Aufata prevails over Falemalu on the issue of best hereditary right.

The value of the holder of a matai title to the government depends to a great degree upon his ability as the leader of his family. We think from the evidence and our observations of the two candidates that Falemalu will prove to be the better leader. He is an older man and already experienced in performing the duties of a matai. Another factor to consider on the issue of the value of the holder of a matai title to the government is the industry of

413

the matai as evidenced by his production of goods. The candidates seem to be on a par with respect to this matter. Our conclusion is that Falemalu prevails over Aufata on the issue of value of the holder of the title to the Government of American Samoa.

Falemalu is already a matai. Since we find that he prevails over Aufata on the first, second and fourth issues, the law requires us to award the title Fonoti to him subject to his resignation from the title Falemalu. We have heretofore ruled that a man cannot hold two matai titles at the same time. *Kosi et al. v. Viliamu,* No. 77-1948 (Am. Samoa); *Fega v. Eveni,* No. 83-1948 (Am. Samoa).

Accordingly it is ORDERED, ADJUDGED AND DECREED that Falemalu shall be registered as the holder of the matai title Fonoti of Tafuga upon his filing with the Registrar of Titles his resignation from the matai title Falemalu, such resignation to be filed within 15 days from the date of this decision. The Registrar of Titles will be advised of this decree.

Court costs in the amount of $12.50 are hereby assessed against Aufata the same to be paid within 30 days.